# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LUIS E. CASTILLA ABREU,**
**A# 096 832 388,**

    **Petitioner,**

vs.                                               **Case No. 4:17cv223-WS/CAS**

**JEFF SESSIONS, et al.,**

    **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, a native and citizen of Venezuela, alleged that he was taken into ICE custody on September 28, 2016, and ordered removed from the United States on August 2, 2016. *Id.* Petitioner stated that ICE had been unable to remove him to Venezuela or any other country. *Id.* at 4. Although Petitioner said that he had "cooperated fully," the government of Venezuela had not issued travel documents. *Id.* Thus, Petitioner argued there was no significant likelihood that his removal would occur in the reasonably foreseeable future and he

sought release from his detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at 4-5.

Service of the petition was directed, ECF No. 5, and Respondent Jeff Sessions filed a motion to dismiss on July 7, 2017. ECF No. 10. Respondent provided evidence that ICE released Petitioner from custody on July 3, 2017, pursuant to an order of supervision. Id. Attached to the motion was a copy of the Order of Supervision, ECF No. 10-1, directing him to report to an ICE officer in Miramar, Florida, on July 18, 2017. Id. The Order contains Petitioner's signature acknowledging the conditions of release, along with the signature of the ICE official who served him with the order. Id. Thus, Respondent contends that this § 2241 habeas petition should be dismissed as moot.

The motion demonstrates that the relief requested by Petitioner in the petition (release from detention) has been provided. Accordingly, there is no longer a case or controversy between the parties because Petitioner is no longer in custody. It appears that the motion to dismiss this § 2241 petition should be granted. If Petitioner disagrees that this case is not moot, he must file a motion for reconsideration no later than **July 24, 2017**. To ensure delivery of this Order and Report and Recommendation, the

Clerk of Court shall send two copies of this Order to Petitioner; the first copy shall be sent to Petitioner at this address of record and the second copy shall be sent to Petitioner at his "address of release," as listed in the certificate of service on the motion to dismiss, ECF No. 10 at 4.

**IT IS ORDERED**:

1. The Clerk of Court shall send one copy of this Order and Report and Recommendation to Petitioner at this address of record and a second copy to Petitioner at the "address of release" listed in the certificate of service on the motion to dismiss, ECF No. 10 at 4.

2. If Petitioner contends this case is not moot, he must file a motion for reconsideration on or before July 24, 2017.

**REPORT AND RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 10, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.